The Honorable Armil O. Curran State Representative 210 West Main Clarksville, Arkansas 72830-3019
Dear Representative Curran:
This is in response to your request for an opinion on a question involving the "rollback" of personal property tax rates pursuant to Amendment 59 of the Arkansas Constitution. Specifically, you indicate that in one of the school districts in your area, the assessed value of taxable personal property is less for 1993 than it was for 1992. You also note that apparently, the rates on personal property and real property in the district have not "equalized" in the manner contemplated in Amendment 59, and because the assessed value of personal property is down, the millage rate on personal property in the district has been raised despite the fact that the electors in the district defeated a proposed millage increase for the district. Your question with regard to these facts is as follows:
 In a school district in which the property tax millage rates on real and personal property have not equalized as contemplated in Article 16, Section 14 of the Arkansas Constitution as added by Amendment 59, if the assessed value of personal property in the district drops so that the millage rate levied last year will not produce as much revenue for the district as was produced by the tax on personal property in the district during the "base year" as defined in Article 16, Section 14, can the current year millage rate on personal property in the district be increased without a vote of the electors of the district?
You also ask, assuming the answer to this question is "yes," whether the increase is mandated by the Constitution or other law, or whether it is discretionary with the school board.
It is my opinion that the answer to your first question is unclear under current law, but in all likelihood is "no."
The question you pose is exactly the situation the Arkansas Supreme Court forewarned of in Crane v. Newark School District No. 33, 303 Ark. 650, 799 S.W.2d 536 (1990). In Crane, the question posed by your request was not squarely before the court, but the court did have an opportunity to discuss the issue in explaining the application of the statutory formula which attempts to implement Amendment 59. In Crane the Supreme Court noted that both Amendment 59 and the relevant statute (A.C.A. 26-26-405(1987)) contemplate that "equalization of rates of taxation on realty and personalty will occur because there will be an increase in personal property in any taxing unit from year to year but the amount of realty will remain the same." 303 Ark. at 653. The court also noted, however, that "[w]hile the assumption that the amount of assessable real estate in a taxing unit will remain the same is acceptable, unfortunately the assumption that the amount of personalty in the unit will increase is not acceptable." 303 Ark. at 653. The court went on to note that if the assessable personal property tax base decreases in a particular year (as it apparently has in the question you pose), application of the statutory formula set out at A.C.A. 26-26-405 will result in a millage rate which is greater than the "base year" millage rate. The court noted in response to this result that "It clearly was not contemplated by the amendment or the statute that the millage would go up to any level, much less one not approved by the voters." 303 Ark. at 654. The court went on to note that:
 Following the statutory formula could result, as demonstrated above, in a rate of taxation which is in excess of that of the base year and in excess of any approved by the electorate. That case was not before the chancellor, and consequently it is not before us now. The general assembly should be aware that the formula may be fatally flawed and completely unworkable if property values fall or if the amount of personalty in a taxing unit decreases to the extent that following the formula cases an increase in the millage to a level in excess of that of the base year or a level not approved by the voters. We find no provisions which would govern such an instance, and we urge the general assembly to consider the problem.
303 Ark. at 656.
As the court noted, there was at the time of the decision no provision of law which governed the situation presented by your question. Additionally, no law has been enacted by the General Assembly since the Crane decision to remedy the problem.
Construction of the language of the Crane decision and current law is thus the only avenue available to attempt to answer your question. The court noted, although the language may be fairly characterized as dicta, that "[i]t clearly was not contemplated by the amendment or the statute that the millage would go up to any level, much less one not approved by the voters."303 Ark. at 654. The court has also referred to the statutory scheme in such instances as "fatally flawed" and "completely unworkable." 303 Ark. at 656. The court was not required, however, to provide any guidance as to what was to be done in such instances (i.e., what rate was to be applied). The taxing authorities in the county at issue in Crane handled the problem "simply by skipping the second part of the formula and using the rolled back rate (applied the last year there was an increase in the tax base) during the period of declining personalty tax base." 303 Ark. at 654. It is unclear whether this is the proper course to pursue, as the court was not required to decide the issue. It may be concluded, based upon the strong dicta of the Supreme Court, however, that the court will not be disposed under the relevant law to allow an increase of the millage rate in the situation posed by your request. Only a binding decision of the Supreme Court, however, could definitively resolve the issue.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh